IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ALISHAWAINE RAHEEN MONK,  *

   Plaintiff  *

      v.  *  Civil Action No. DKC-18-2215

MARYLAND STATE POLICE NE  *
BARRACKS, and CECIL COUNTY STATE
ATTORNEYS OFFICE, *et al.*,  *

   Defendants  *
           ***

**MEMORANDUM OPINION**

Alishawaine Raheen Monk[1] filed the above-captioned civil rights action alleging that the "Maryland State Police NE Barracks" used illegal tactics to interrogate him and gather evidence during a murder investigation and that the Cecil County State's Attorneys' Office violated his constitutional rights by filing a notice of intent to seek life imprisonment without parole. ECF No. 1. Defendants Cecil County State's Attorney's Office and "Maryland State Police NE Barracks each filed a motion to dismiss (ECF Nos. 10 & 17) which Plaintiff opposes. ECF Nos. 17 & 20.[2] Plaintiff also filed a second motion to amend the complaint. ECF No. 27. The matters are now ripe for review. The court finds a hearing in these matters unnecessary. *See* Local Rule 105.6. For the reasons that follow, Defendants' motions to dismiss will be granted and Plaintiff's motion to amend will be denied.

---

[1] The complaint named Alishawaine Raheen Monk, Willie Woodberry, Christopher Woodberry and Tina Robertson as Plaintiffs. Because a self-represented party may not litigate on behalf of another and the complaint was only signed by Monk, the other parties were dismissed from this case. ECF No. 3.

[2] Plaintiff filed a paper titled "motion for summary judgment" which is construed as an opposition to Defendants' motion.

## I. BACKGROUND

Plaintiff Alishawaine Raheen Monk filed this complaint on July 18, 2018, alleging that on July 20, 2014, he and three other individuals were arrested for the murder of Vincent McKinley Robertson. ECF No. 1, p. 5. Plaintiff maintains that the charges were "fabricated and trumped up" and that "[t]he Maryland State Police NE Barracks soon began fabricating and using illegal tactics" to obtain evidence against him in violation of his right to due process and Maryland law. *Id.* Plaintiff named the Maryland State Police NE Barracks as a Defendant and directed the court to "see attached sheet for complete list of Defendants at State Police." *Id.*, p. 1. Attached to the complaint are the docket entries from Plaintiff's criminal case in the Circuit Court for Cecil County which lists a number of police officers as well as a number of other individuals who are not employed by the Maryland State Police. ECF No. 1-1, p. 2. None of the individuals are identified in the body of the complaint as allegedly engaging in any unlawful conduct.

Plaintiff also alleges that unidentified investigators used evidence obtained from an informant who claimed that Plaintiff was seen with a handgun of the same caliber that killed the victim, however the informant later recanted. ECF No. 1, p. 5. Plaintiff alleges that "defendants used manipulated-inducements and illegal tactics" during the investigation that led to his arrest. *Id.* Additionally, he states that the State's Attorney's Office, served a notice to seek life without parole. *Id.*, p. 6. Plaintiff was detained for nine months before he was able to make bond. *Id.* Ultimately, a state circuit court judge suppressed evidence which prevented the trial from moving forward and the charges were "dropped against the Plaintiffs." *Id.*; *see also* ECF No. 1-1, p. 1 (docket entries reflecting charges entered nolle prosequi on August 5, 2015).

## II. Motion to Dismiss

### A. Standard of Review

In reviewing the complaint in light of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the court accepts all well-pleaded allegations of the complaint as true and construes the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff. *Venkatraman v. REI Sys., Inc.*, 417 F.3d 418, 420 (4th Cir. 2005). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only a "short and plain statement of the claim showing that the pleader is entitled to relief."

The Supreme Court of the United States explained that a "plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Nonetheless, the complaint does not need "detailed factual allegations" to survive a motion to dismiss. *Id.* at 555. Instead, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id*. at 563. To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id*. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

A suit under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B. Analysis**

As "Maryland State Police NE Barracks" and Cecil County State's Attorney's Office each correctly note, neither is a "person" subject to suit under 42 U.S.C. § 1983. *See* 42 U.S.C. § 1983 (creating a cause of action against "every *person* who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" (emphasis added); *Owens v. Baltimore City State's Attorney's Office*, 767 F.3d 379, 393 (2014) (holding "the Baltimore City State's Attorney's Office is not a suable entity."). Thus, the court will grant Defendants' motions to dismiss. ECF Nos. 18 & 20.

Moreover, Cecil County State's Attorney's Office is immune from suit under the Eleventh Amendment. Likewise, had Plaintiff named the Maryland State Police as a Defendant, it too would be immune from suit under the Eleventh Amendment. Under the Eleventh Amendment to the United States Constitution, a state, its agencies and departments are immune from suits in federal court brought by its citizens or the citizens of another state, unless it consents. *See Pennhurst State Sch. and Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). "It is clear, of course, that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant

is proscribed by the Eleventh Amendment." *Id.* While the State of Maryland has waived its sovereign immunity for certain types of cases brought in state courts, *see* Md. Code Ann., State Gov't § 12-202(a), it has not waived its immunity under the Eleventh Amendment to suit in federal court.[3] "A State's constitutional interest in immunity encompasses not merely whether it may be sued, but where it may be sued." *Halderman*, 465 U.S. at 100. Thus, Plaintiff's complaint against the Cecil County State's Attorney's Office and the Maryland State Police, arms of the State, is barred by the Eleventh Amendment.

Additionally, even if Plaintiff had named a proper person from the Cecil County State's Attorney's Office as a Defendant, his claim would fail as prosecutors are entitled to absolute immunity. Maryland State's Attorneys are quasi-judicial officers who enjoy absolute immunity when performing prosecutorial functions, as opposed to investigative or administrative ones. *See Imbler v. Pachtman*, 424 U.S. 409, 422-23 (1976); *see also Kalina v. Fletcher*, 522 U.S. 118, 127 (1997); *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993); *Nero v. Mosby*, 890 F.3d 106, 116-117, (4th Cir. May 7, 2018); *Springmen v. Williams*, 122 F.3d211 (4th Cir. 1997). Absolute immunity is designed to protect judicial process. Thus, the inquiry is whether a prosecutor's actions are closely associated with judicial process. *See Burns v. Reed*, 500 U.S. 478, 479 (1991) (citing *Imbler*, 424 U.S. at 422-23). The court must use a "functional approach" to "determine whether a particular act is 'intimately associated with the judicial phase.'" *Nero*, 890 F.3d at 118 (quoting *Imbler*, 424 U.S. at 430). The Fourth Circuit recently stated in *Nero*, 890 F.3d at 118: "A prosecutor acts as an advocate when she professionally evaluates evidence assembled by the

---

[3] Plaintiff refers to the North Carolina Tort Claim Act, which is inapplicable to this case, to support his argument that Defendants are not entitled to Eleventh Amendment immunity. ECF No. 20, p. 5.

police, *Buckley*, 509 U.S. at 273, decides to seek an arrest warrant, *Kalina*, 522 U.S. at 130, prepares and files charging documents, *id.*, participates in a probable cause hearing, *Burns*, 500 U.S. at 493, and presents evidence at trial, *Imbler*, 424 U.S. at 431." Plaintiff's allegations of wrongdoing by members of the Cecil County's State's Attorney's Office go to the core function as prosecutors and thus are barred and must be dismissed.

Additionally, Plaintiff has failed to make the necessary showing that his rights were violated by the Cecil County State's Attorney's Office or employees of the Maryland State Police NE Barracks. While Plaintiff alleges that his right to due process was violated, he fails to allege facts that support his conclusory assertions. He has failed to specify what evidence was fabricated or obtained illegally and by whom. Moreover, Plaintiff maintains that the evidence which he believes was unlawfully obtained was suppressed by the trial judge, demonstrating that he received all of the process he was due. Additionally, he does not explain how the filing of a notice to seek a sentence of life imprisonment without parole by the Cecil County State's Attorney's Office violated any of his rights. In light of the foregoing, he has failed to state a claim and the complaint will be dismissed.

### III. MOTION TO AMEND

#### A. Standard of Review

Defendant Cecil County State's Attorney's Office filed its motion to dismiss on December 17, 2018. ECF No. 10. Plaintiff filed his opposition on January 10, 2019. ECF No. 17. Defendant "Maryland State Police NE Barracks" filed its motion to dismiss on January 29, 2019. Plaintiff filed his opposition on February 13, 2019. ECF No. 20. On February 13, 2019 and March 3, 2019, Plaintiff filed motions to amend the complaint. ECF Nos. 21 & 25. The motions were opposed by Defendants. ECF Nos. 23 & 24. The court denied the motions to amend

on March 18, 2019, finding that while plaintiff sought to add named defendants, he failed to allege what specific action(s) each defendant did that would subject him or her to legal liability and thus he failed to state a claim. ECF No. 26. Plaintiff filed another motion amend on April 17, 2019 (ECF No. 27) and filed a duplicate motion to amend which was docketed as a supplement to the motion to amend on August 19, 2019. ECF No. 29. In his motion to amend, Plaintiff states that "officers: Sgt. Stephen Hall, Sgt. Todd Liddick, Sgt. Christopher Taylor, Sgt. Jeremy Vogt, Sgt. John Monerak, and Sgt Christopher Sexton, knowingly and willingly violated the law, when they deliberately detained 2 minors for the sole purpose of coercion." ECF No. 27, p. 1. Plaintiff alleges that the officers also recorded the conversations of the minors and their guardian improperly and used the recordings in an unconstitutional manner. *Id*. The officers then took the information to the State's Attorney and commissioner to have charges issued. *Id*. Plaintiff further alleges that "it is implied that the officer of the court who issued the arrest warrant for me. . . . knew that all of the information contained in these police reports and applications for charges and warrants was obtained illegally" and therefore should have denied the warrants and referred the alleged misconduct to a supervisor. *Id*., p. 2. Similarly, Plaintiff alleges that "State's Attorneys Steven Trostle, David Parrick, and Perry Seaman, chose to ignore the obligation of duty. . . . and made a conscious choice to proceed with prosecution, with full knowledge of said misconduct and violation." *Id*.

Federal Rule of Civil Procedure 15 states, in relevant part:

(1) Amending as a matter of course. A party may amend its pleading once as a matter of course within:

  (A) 21 days after serving it, or

7

> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>
> (2) Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a). Leave to amend under Rule 15(a)(2) may be denied when granting the motion "would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006).

### B. Analysis

Plaintiff's pending motion to amend is untimely. Additionally, the opposing parties have not consented to the amendment as such, the complaint may only be amended with leave of court.

The motion to amend will be denied as the amendment would be futile. Once again, while Plaintiff seeks to add named Defendants, he fails to allege any specific conduct by each of the named Defendants that would subject them to legal liability. Plaintiff's conclusory claims that the Defendants listed in his motion to amend collectively violated his rights by investigating him and charging him with murder and related offenses does not state a claim. As this court previously advised Plaintiff, "the Constitution does not guarantee that one will never be accused of a crime. Rather, it guarantees certain procedural protections-when one is accused—protections which appear to have worked to Mr. Monk's benefit here, given the disposition of the criminal case." ECF No. 26, p. 3. Additionally, Plaintiff fails to offer any facts in support of his claims that any of the individually named Defendants knew that their conduct violated his civil rights.

## IV. CONCLUSION

For the foregoing reasons, Defendants' motions to dismiss will be granted and Plaintiff's motion to amend will be denied. A separate Order follows.

September 4, 2019  /s/
DEBORAH K. CHASANOW
United States District Judge